UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------X

UNITED STATES OF AMERICA, : 02-CR-1399 (NGG)

v. : September 12, 2003

VINCENT BADALAMENTI, : Brooklyn, New York

Defendant.

-----------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government: ZACHARY W. CARTER, ESQ.
UNITED STATES ATTORNEY
BY: NICOLAS BOURTIN, ESQ.
ASSISTANT U.S. ATTORNEY
271 Cadman Plaza East
Brooklyn, New York 11201

For the Defendant: RONALD FISCHETTI, ESQ.

Audio Operator:

Court Transcriber: ARIA TRANSCRIPTIONS
c/o Elizabeth Barron
102 Sparrow Ridge Road
Carmel, NY 10512
(845) 260-1377

Proceedings recorded by electronic sound recording, transcript produced by transcription service

THE CLERK: Criminal cause for plea, United States v. Vincent Badalamenti. Counsel, please state your appearances for the record.

MR. BOURTIN: Nicolas Bourtin for the government. Good afternoon, your Honor.

MR. FISCHETTI: Ronald Fischetti for Vincent Badalamenti. Good afternoon, sir.

THE COURT: Good afternoon.

THE DEFENDANT: Good afternoon, Judge.

THE COURT: Good afternoon, sir.

Mr. Fischetti, I understand that your client wishes to change his plea at this time.

MR. FISCHETTI: Yes, your Honor. We most respectfully move to withdraw our previously entered plea of not guilty and offer to plead guilty to Count 31 of the indictment, pursuant to the plea agreement that's been executed and I believe your Honor has before him.

THE COURT: Yes, I do.

Mr. Badalamenti, your attorney advises that you wish to plead guilty to Count 31 of the superseding indictment S-1, in which you are charged. This is a serious decision and I must be certain that you make it understanding your rights and the consequences of your plea. I'm going to explain certain rights to you and then ask you questions. I want your answers to be under oath. The

deputy clerk will swear you in.

(Defendant is sworn.)

THE COURT: Ms. Davis, you understand that having been sworn to tell the truth, you must do so. If you were to deliberately lie in response to any question I ask you, you could face further criminal charges for perjury.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: If I say anything that you do not understand or if you need me to repeat anything, you have only to ask. It is important that you understand everything that goes on in these proceedings.

Is that clear, sir?

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Badalamenti, how old are you?

THE DEFENDANT: 45.

THE COURT: How far did you get with your education?

THE DEFENDANT: High school.

THE COURT: Where did you go to high school?

THE DEFENDANT: Xavarian (ph).

THE COURT: Where is that?

THE DEFENDANT: Brooklyn.

THE COURT: Are you a U.S. citizen?

THE DEFENDANT: Yes.

THE COURT: Is English your first language?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Fischetti, have you had any difficulty communicating with your client in English?

MR. FISCHETTI: No, sir.

THE COURT: Mr. Badalamenti, I must be certain that whatever decision you make today, you make with a clear head, so I'm going to ask you some questions about your health.

Are you currently or have you recently been under the care of a doctor or psychiatrist for any reason?

THE DEFENDANT: No, sir.

THE COURT: In the past 24 hours, have you taken any pills or drugs or medicine of any kind?

THE DEFENDANT: No, sir.

THE COURT: In the past 24 hours, have you drunk any alcoholic beverages?

THE DEFENDANT: No, sir.

THE COURT: Have you ever been hospitalized or treated for any drug-related problem?

THE DEFENDANT: No, sir.

THE COURT: Is your mind clear as you stand here today?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand everything being

said to you?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Fischetti, have you discussed the question of a guilty plea with your client?

MR. FISCHETTI: I have, sir.

THE COURT: In your view, does he understand the rights he would be waiving by pleading guilty?

MR. FISCHETTI: He does.

THE COURT: Do you have any question as to your client's competence to proceed today?

MR. FISCHETTI: I have none, sir.

THE COURT: All right.

Mr. Badalamenti, are you satisfied with the assistance that your attorneys have given you thus far in this matter?

THE DEFENDANT: Yes, sir.

THE COURT: Do you feel you need any more time to discuss with them the question of a guilty plea?

THE DEFENDANT: No, sir.

THE COURT: Mr. Badalamenti, you're pleading guilty to Count 31 of the superseding indictment in which you are charged. I'm going to ask the U.S. attorney to state the charge that's been brought against you in Count 31 and to indicate the elements of the crime that the government would have to prove at a trial before a jury

beyond a reasonable doubt, in order to find you guilty of this crime.

Mr. Bourtin?

MR. BOURTIN: Yes, your Honor. Count 31 charges a conspiracy to collect, extortionately collect credit. To prove that charge, the government would have to prove that, in or about and between the dates charged, February, 2002 and August, 2002, within the Eastern District of New York, the defendant conspired or agreed with others to use extortionate means to collect or attempt to collect an extension of credit to another individual.

THE COURT: This was in the Eastern District of New York?

MR. BOURTIN: Yes.

THE COURT: Mr. Badalamenti, do you understand the charge that's been brought against you in Count 31 and the elements of the crime that the government would have to prove before a jury beyond a reasonable doubt in order to convict you of this crime?

THE DEFENDANT: Yes, sir.

THE COURT: I'm going to go over certain rights that you have, and I want you to listen very carefully to your rights. You have the right to plead not guilty to this charge. No one can be forced to plead guilty.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you plead not guilty to this charge or persist in the plea of not guilty, you have the right under the Constitution and laws of the United States to a speedy and public trial before a jury, with the assistance of your attorney.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: At any trial, you would be presumed to be innocent. You would not have to prove that you were innocent. This is because, under our system of law, it is the government that must come forward with proof that establishes beyond a reasonable doubt that you are guilty of the crime charged. If the government failed to meet this burden of proof, the jury would have the duty to find you not guilty.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In the course of a trial, witnesses for the government would have to come here to court and testify in your presence. Your attorney would have the right to cross-examine these witnesses. He could raise legal objections to evidence the government sought to offer against you. He could offer evidence in your behalf, if you thought there was evidence that might help you in this case.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: At a trial, you would have the right to testify in your own behalf, if you wished to do so. On the other hand, you could not be forced to be a witness at your trial. This is because, under the Constitution and laws of the United States, no person can be compelled to be a witness against himself. If you wished to go to trial but chose not to testify, I would instruct the jury that they could not hold that against you.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If instead of going to trial, you plead guilty to the crime charged, and if I accept your guilty plea, you will be giving up your right to a trial and all the other rights I've just discussed. There will be no trial in this case. There will be no appeal on the question of whether you did or did not commit this crime. The only thing you could appeal would be if you thought I did not properly follow the law in sentencing you. Otherwise, I will simply enter a judgment of guilty based upon your plea of guilty.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you do plead guilty, I will have to

ask you certain questions about what you did, in order to satisfy myself that you are indeed guilty of the crime charged. You will have to answer my questions and acknowledge your guilt. If you do this, you will be giving up your right not to incriminate yourself.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Badalamenti, are you willing to give up your right to a trial and the other rights I have just discussed with you?

THE DEFENDANT: Yes, sir.

THE COURT: I have a plea agreement here in United States against Vincent Badalamenti. It is marked as Court Exhibit 1. It is dated today, September 12th, 2003, and it consists of seven pages. I am going to hand this to the defendant and his counsel. I'm going to ask the defendant some questions.

Mr. Badalamenti, have you read this document?

THE DEFENDANT: Yes, I did, your Honor.

THE COURT: Did you discuss it with your attorney?

THE DEFENDANT: Yes, your Honor.

THE COURT: Has your attorney stated your rights and obligations under this document?

THE DEFENDANT: Yes, your Honor.

THE COURT: Has he answered any and all questions

that you had about this document?

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Fischetti, are you satisfied that your client understands his rights and obligations under this agreement?

MR. FISCHETTI: I am, sir.

THE COURT: On page 7 of the agreement, Mr. Badalamenti, is that your signature by your name?

THE DEFENDANT: Yes, your Honor.

THE COURT: And did you sign it today?

THE DEFENDANT: Yes, I did.

THE COURT: Mr. Fischetti, did you also sign the plea agreement?

MR. FISCHETTI: I did, your Honor.

THE COURT: And the government has also executed the agreement.

MR. BOURTIN: Yes, your Honor.

THE COURT: Would you hand the agreement back to me, please?

Mr. Badalamenti, listen carefully to this question: Is there any other agreement that has been made to get you to plead guilty that is not contained in this plea agreement?

THE DEFENDANT: No, sir.

THE COURT: I'm going to go over the statutory

penalties associated with the crime to which you plan to plead guilty. There is no minimum term of imprisonment and there's a maximum term of imprisonment of twenty years. The minimum supervised release term is zero and the maximum supervised release term is three years. That would follow any term of imprisonment.

If you violate the conditions of your supervised release, you could be sentenced to up to two years in prison, without any credit for your pre-release imprisonment or the time you previously served on post-release supervision. So that would be additional jail time beyond the sentence that you serve before you go on supervised release.

Do you understand how that works?

THE DEFENDANT: Yes, sir.

THE COURT: The maximum fine is the greater of $250,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to a person other than yourself, as a result of the offense.

Do you understand the maximum fine that may be imposed in this case?

THE DEFENDANT: Yes, your Honor.

THE COURT: Restitution will be determined by the Court and there is a $100 special assessment.

Do you understand the statutory penalties

associated with this crime, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Badalamenti, in sentencing you, I will have to consider certain guidelines that control the Court.

Mr. Fischetti, have you discussed the sentencing guidelines with your client?

MR. FISCHETTI: Yes, Judge.

THE COURT: Have you informed him of the guidelines that would apply to his case?

MR. FISCHETTI: Yes, my belief, that I believe would apply to this case.

THE COURT: Right. That you believe, right.

MR. FISCHETTI: Yes, your Honor.

THE COURT: Mr. Badalamenti, has Mr. Fischetti discussed the sentencing guidelines with you?

THE DEFENDANT: Yes, sir.

THE COURT: And described the guidelines as they would apply to your case, in his view?

THE DEFENDANT: Yes, sir.

THE COURT: Very well.

With respect to the sentencing guidelines, I will have to consider certain factors about you and about this crime. When I do that, I will be directed to a guideline that will provide a sentencing range. I will, in all

likelihood, have to sentence you within that range. There are only a few circumstances that permit a court to go higher or lower than a guideline. At this point, I do not know if any of those are pertinent in this case. In the vast majority of cases that come before me, I must sentence within the guideline range.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: I cannot tell you today what guideline range will apply in your case. Before I impose sentence, I will receive a report prepared by the Probation Department which will recommend a particular guideline to me. You and your attorney will have the opportunity to see that report. If you think it is mistaken or incomplete in any way, you will have the opportunity to bring that to my attention.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In the plea agreement, the government has made a prediction regarding the computation of the guideline in your case, and the prediction is in paragraph 2. The prediction is that the base offense level is 20, less 2 levels for minor role, less 3 levels for acceptance of responsibility, less 1 level for global disposition, if indeed there is a global disposition. So the total adjusted offense level would be a 14. In criminal history category

1, this level carries a range of imprisonment of 15 to 21 months.

Do you understand the government's current prediction?

THE DEFENDANT: Yes, sir.

THE COURT: You must understand that no one can make any promise to you as to the sentence I will impose. Your attorney or the prosecutor may have made predictions to you and they can make recommendations to the Court concerning the sentence I should impose, and I will listen carefully to whatever they say. But you must understand that the final decision on sentencing is mine and mine alone.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: While I may view this case identically to the attorneys, I may also view the case differently. If so, I may not impose the sentence they have predicted or recommended. Even if I sentence you differently from what the lawyers or anyone else has estimated or predicted, you would still be bound by your guilty plea.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: Now, in this plea agreement letter, which is dated today, September 12th, 2003, that you have

just told me that you have discussed with your attorney and which you signed today, there is an agreement regarding your right to appeal your sentence. The plea agreement letter says, and I want to make sure that you understand this very carefully, that by signing this agreement, you agree not to appeal or in any other way challenge the sentence that I impose upon you, if it is 24 months or below. That's in paragraph 4 of the plea agreement on page 3.

If I were to sentence you to more than 24 months and you believed there was a legal or other error in my doing that, you would then have the right to appeal your sentence to the United States Court of Appeals for the Second Circuit.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that you have the right to appeal only if I sentence you to more than 24 months?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that even if the sentence I give you is more severe than what you may be thinking or hoping you will receive, you are still going to be bound by your guilty plea and not permitted to withdraw it, and you will not be able to challenge or appeal that sentence, as long as it is 24 months or less, as we have

discussed?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions you would like to ask me about the charge, your rights or anything else related to this matter that may not be clear?

THE DEFENDANT: No, sir.

THE COURT: Mr. Fischetti, is there anything you would like me to discuss your client in further detail before we proceed to formal allocution?

MR. FISCHETTI: No, sir.

THE COURT: Do you know of any reason why your client should not enter a plea of guilty to the charge?

MR. FISCHETTI: I know of none, sir.

THE COURT: Are you aware of any viable legal defense to the charge?

MR. FISCHETTI: No, sir.

THE COURT: Mr. Badalamenti, are you ready to plead at this time?

THE DEFENDANT: Yes, sir.

THE COURT: How do you plead to the charge contained in Count 31 of the superseding indictment S-1, guilty or not guilty?

THE DEFENDANT: Guilty, your Honor.

THE COURT: Are you making this plea of guilty voluntarily and of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: Has anyone threatened or forced you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Other than the agreement with the government, has anyone made you any promise that caused you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Has anyone made you any promise about the sentence you will receive?

THE DEFENDANT: No, sir.

THE COURT: In that case, I would like you now to describe in your own words what you did to commit the crime charged in Count 31 of the superseding indictment.

THE DEFENDANT: Between February of 2002 and August of 2002, I along with others conspired to collect a debt through extortionate means, in Staten Island.

THE COURT: Anything else?

MR. BOURTIN: I don't think so, your Honor.

THE COURT: Mr. Fischetti?

MR. FISCHETTI: Nothing, your Honor.

THE COURT: Mr. Badalamenti, based on the information you have given me, I find that you are acting voluntarily and that you fully understand the charge, your rights and the consequences of your plea. There is,

moreover, a factual basis for your plea. Therefore, I accept your plea of guilty to Count 31 of the superseding indictment in which you are charged.

I'm going to set a sentencing date of December 5th, 2003 at 10:30 a.m. That's a Friday. December 5th, 2003 at 10:30 a.m.

You're going to be contacted by the Probation Department in connection with a presentence interview. Your attorney will want to be present for that interview. At that time, the probation officer will ask you a group of questions, in order to help him or her in preparing a presentence investigation report for the Court.

You will receive a copy of the report. You'll have the opportunity to read it, go over it with your attorney. If there's anything in the report that's in error or if there's anything you want me to know about you that's not contained in the report that you think would be significant in terms of my consideration of sentencing you, your attorney will provide that to the Court, to the government and to the Probation Department. And I read everything that I get, every single word that is provided to me, because sentencing is the most important thing that I do, and I want to make sure that I have a full understanding of your background before I sentence you.

Do you understand that?

THE DEFENDANT: Yes, sir. Thank you.

THE COURT: All right, Mr. Bourtin, anything else with regard to bail?

MR. BOURTIN: No, your Honor. The government agrees to continue the bail conditions as they are.

THE COURT: Anything else from the government?

MR. BOURTIN: No, your Honor.

THE COURT: Mr. Fischetti, anything else from the defense?

MR. FISCHETTI: Nothing else.

THE COURT: All right, thank you very much everyone. Have a good day. Good luck, sir.

THE DEFENDANT: Thank you, your Honor.

MR. BOURTIN: Thank you, Judge.

MR. FISCHETTI: Thank you, Judge.

* * * * * * * * *

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

ELIZABETH BARRON December 5, 2011